UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM PATRICK MCADORY, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No.: 3:25-CV-322-CLC-JEM |
| UNITED STATES OF AMERICA, KNOX COUNTY DETENTION FACILITY, and OFFICER BUCKINGHAM, | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM & ORDER**

Plaintiff, an inmate of the Knox County Detention Facility, filed a *pro se* complaint for violation of § 1983 arising out of an attack on him by an inmate that Defendant Officer Buckingham allegedly failed to properly restrain [Doc. 2][1], a motion for leave to proceed *in forma pauperis* [Doc. 1], and various filings regarding his inmate account [Docs. 6, 7, 8, 9, 11, 12]. The Court will address Plaintiff's motion for leave to proceed in *forma pauperis* [Doc. 1] before screening the complaint [Doc. 2].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from his motion for leave to proceed *in forma pauperis* [Doc. 1] and inmate account documents [Doc. 7] that Plaintiff cannot pay the filing fee in one lump sum, so this motion [Doc. 1] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate

---

[1] Plaintiff also filed a signed copy of the last page of his complaint [Doc. 10 p. 1] that is substantively identical to the signed last page of his original complaint [Doc. 2 p. 5].

trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee. This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.  **Allegations**

On one occasion, Defendant alleges "Officer Buckingham did not properly put the full setup restraints" on an inmate on recreation with Plaintiff, even though all the inmates were "suppose[d] to have leg and body restraints on." [Doc. 2 p. 3–4.] Then, while Plaintiff and the improperly restrained inmate were on recreation, the improperly restrained inmate "came out of his full body restraints and started swinging at [Plaintiff]," and another inmate joined in. [*Id.* at 4.] Prior to this incident, Plaintiff had filed grievances about Officer Buckingham. [*Id.*] After this incident, Plaintiff "had spit on [his] nose and a cut on [his] hand." [*Id.*]

Plaintiff has sued the United States of America, the Knox County Detention Facility, and Officer Buckingham. [*Id.* at 1, 3.] As relief, Plaintiff requests monetary damages and for all charges against him to be dropped. [*Id.* at 5.]

C.  **Analysis**

1.  **United States of America**

Plaintiff does not set forth any facts indicating why he sued the United States of America, nor do any facts in the complaint suggest that this Defendant may be liable in any way for Plaintiff's claims. The Court further notes that the United States cannot be sued without its consent. *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The United States cannot be sued at

all without the consent of Congress."). And that waiver must be unequivocally expressed. *United States v. Testan*, 424 U.S. 392, 399 (1976). Therefore, this Defendant will be **DISMISSED**.

### 2. Knox County Detention Facility

Next, while Plaintiff has also sued the Knox County Detention Facility, this is not a "person" within the meaning of § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983."); *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Knox County Detention Facility will also be **DISMISSED**.

### 3. Officer Buckingham

While it is Plaintiff's duty to plead the capacity in which he sues Defendant Officer Buckingham, *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), Plaintiff does not state in his complaint whether he sues Defendant Officer Buckingham in his individual or official capacity. Regardless, however, the complaint fails to state a plausible claim for § 1983 relief against Defendant Officer Buckingham in either capacity.

#### a. Official Capacity

First, to the extent that Plaintiff sues Defendant Officer Buckingham in his official capacity, that is the equivalent of suing this Defendant's employer, which is Knox County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). However, this municipality may be liable under § 1983 only where its custom or policy caused a violation of Plaintiff's constitutional rights.

4

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). As the complaint does not contain any facts suggesting that a custom or policy of Knox County caused any violation of Plaintiff's constitutional rights, it fails to state a plausible claim against this municipality.

        **b.       Individual Capacity**

            **i.       Failure to Protect**

Moreover, to the extent that Plaintiff sues Defendant Officer Buckingham in his individual capacity based on his assertion that this Defendant failed to properly restrain an inmate who then attacked Plaintiff, the Court addresses this claim under the Fourteenth Amendment as it appears likely that Plaintiff is a pretrial detainee. *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 599 (6th Cir. 2025) ("Corrections officers must protect convicted prisoners from harm under the Eighth Amendment, and they must protect pretrial detainees from harm under the Due Process Clause.") (citation omitted).

For Plaintiff's complaint to state a plausible claim against Defendant Officer Buckingham based on his assertion that this Defendant failed to properly restrain an inmate who attacked Plaintiff, Plaintiff's complaint must contain facts from which the Court can plausibly infer that this Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citation omitted).

Plaintiff's complaint fails to plausibly allege that Defendant Officer Buckingham deliberately and recklessly subjected Plaintiff to an unjustifiably high risk of harm. First, Plaintiff does not set forth any facts suggesting that Defendant Officer Buckingham deliberately or

5

recklessly failed to properly restrain the inmate who attacked Plaintiff. Rather, based on the allegations in Plaintiff's complaint, it is just as likely that Defendant Officer Buckingham accidentally and/or negligently failed to properly restrain the inmate who attacked Plaintiff. Additionally, Plaintiff does not set forth any facts suggesting that this Defendant knew or should have known that any prisoner on recreation with Plaintiff posed a substantial risk of harm to Plaintiff, even if unrestrained.

As such, Plaintiff's allegations regarding the attack on him fail to state a plausible failure-to-protect claim against Defendant Officer Buckingham.

### ii.  Retaliation

Additionally, liberally construing the complaint in Plaintiff's favor, it appears that he also seeks to assert a claim for retaliation against Defendant Buckingham because he states that, prior to Defendant Buckingham not properly restraining an inmate on recreation with Plaintiff, Plaintiff had filed grievances against this Defendant. A § 1983 retaliation claim requires a plaintiff to show that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

While Plaintiff's act of filing non-frivolous grievances on his own behalf is protected conduct, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), Plaintiff has not set forth any facts to support a plausible inference that Defendant Officer Buckingham knew about the

6

Case 3:25-cv-00322-CLC-JEM   Document 13   Filed 11/05/25   Page 6 of 7   PageID #: 51

grievances Plaintiff filed against him, much less that these grievances motivated this Defendant to not properly restrain an inmate. This is especially true because, as set forth above, Plaintiff does not allege or set forth any facts indicating that Officer Buckingham deliberately failed to properly restrain the inmate.

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### III. <u>CONCLUSION</u>

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**